IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-41281-TJM |
| | ) | |
| MARK EUGENE CHRISMAN, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on an objection to exemptions filed by the Chapter 7 trustee (Fil. #11), and a response thereto filed by the debtor (Fil. #12). Stacy Nossaman-Petitt appeared for the debtor, and Philip Kelly appeared as the Chapter 7 trustee.

The debtor is a single man who, on the date the Chapter 7 bankruptcy petition was filed, owned real estate used as his residence. Shortly after the bankruptcy case was filed, the residence was sold.

The debtor claims a homestead exemption in the residence and the proceeds of the sale of the residence. He has presented evidence that he lived in the home with his long-time girlfriend. He states, in an affidavit (Fil. #16, ¶3), "I would mostly consider her my common law wife, as we have been together for the [sic] long. She relied upon me for support."

The Chapter 7 trustee has objected to the claim of homestead exemption. At the hearing on the objection, the trustee suggested that the debtor does not qualify as a head of family as that term is defined in Section 40-115 of the Revised Statutes of Nebraska. That statutory section states:

> § 40-115. Head of family, defined.
> The phrase head of a family, as used in sections 40-101 to 40-116, includes within its meanings every person who has residing on the premises with him or her and under his or her care and maintenance:
> (1) His or her minor child or the minor child of his or her deceased wife or husband;
> (2) A minor brother or sister or the minor child of a deceased brother or sister;
> (3) A father, mother, grandfather, or grandmother;
> (4) The father, mother, grandfather, or grandmother of a deceased husband or wife;
> (5) An unmarried sister, brother, or any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves; or
> (6) A surviving spouse who resides in property which would have qualified for a homestead exemption if the deceased spouse were still alive and married to the surviving spouse.

The debtor and the trustee have briefed the issue. The debtor's brief reminds the court that bankruptcy cases from this jurisdiction interpret Section 40-115 to permit married couples, with or without dependents, and single persons with dependents to claim a homestead exemption. In re Uhrich and In re Tappan, 355 B.R. 783 (Bankr. D. Neb. 2006); In re Roberts, 211 B.R. 696 (Bankr. D. Neb. 1997) and 215 B.R. 197 (Bankr. D. Neb. 1997), aff'd, 219 B.R. 235 (B.A.P. 8th Cir. 1998); In re Roush, 215 B.R. 592, 594-95 (Bankr. D. Neb. 1997) (holding that unmarried debtors who each qualify as heads of family are each entitled to a separate homestead exemption in his or her interest in jointly held property).

Based upon a reading of those cases, the debtor asserts that he should be entitled to claim a homestead exemption as an unmarried debtor providing another person with support.

None of the cases cited support the position of the debtor. Roush, in particular, does not support his position. In Roush, male and female unmarried debtors, each with children residing with them in the house, claimed a homestead exemption. They each owned an undivided interest in the residence and each qualified as a head of family under Section 40-115 because of the children residing with each of them in the home.

In this case, there are no children residing in the home and the long-time girlfriend does not have an ownership interest in the home.

The settlement statement prepared and executed at the time of the house sale shows the seller as Mr. Chrisman. Mr. Chrisman's 2010 tax return shows him as a single person claiming no dependents for tax purposes. Both of these documents were submitted to the trustee to aid him in administration of the estate and are submitted to the court as attachments to his brief.

There is no statutory or caselaw authority to permit a single individual residing in a home with an unmarried, unrelated person to claim a homestead exemption in the residence owned by the single person.

IT IS ORDERED: The trustee's objection to claim of homestead exemption (Fil. #11) is granted. The proceeds of the sale of the home are property of the estate to be turned over to the trustee for administration.

DATE: September 1, 2011.

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
　　Stacy Nossaman-Petitt
　　*Philip Kelly
　　United States Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.